# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:07cr040

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| WILLIAM FORD DIXON. | ) | |
| | ) | |

**THIS CAUSE** coming on to be heard before the undersigned on April 17, 2007 upon an oral motion made by Frank A. Abrams, attorney for the defendant, for permission to withdraw as counsel for the defendant.

During the Rule 11 proceedings in this matter, the defendant was asked the question, "Are you entirely satisfied with the services of your attorney?". The defendant's response was, "No". After the defendant provided this answer, the defendant's counsel moved to be allowed to withdraw. The defendant stated that he was not satisfied with the representation of Mr. Abrams based upon statements made to the defendant by a friend of the defendant who had consulted with an attorney in California. The undersigned made inquiry concerning this advise and explained to the defendant that the defendant had given a statement indicating his guilt to the charges and that the defendant's co-defendants had also given statements which implicated the defendant and that the plea agreement that had been reached by Mr. Abrams with the government precluded the government from instituting charges which carried a maximum penalty of between 20 to 30 years and that the plea to which the defendant had entered was to two offenses, the maximum penalty to each was five years of incarceration. Upon further inquiry, the defendant stated that a reason for dissatisfaction

with Mr. Abrams was that the defendant was having dental problems involving his wisdom teeth and that in his opinion he needed treatment. The court explained to the defendant that Mr. Abrams had filed a motion to seek a court order for treatment and that Mr. Abrams, in the opinion of the court, had done all that he could to assist the defendant. The defendant also expressed dissatisfaction with the fact that the defendant perceived that a statement had been made during the defendant's detention hearing that he had a significant juvenile criminal record and that Mr. Abrams did not object to that statement. The undersigned explained that Mr. Abrams was not required by the court to object due to the fact that the undersigned did not consider that statement as being any evidence whatsoever in regard to the issue of detention.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 Up. S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (1) The timeliness of the motion; (2) Inquiry as to the reasons why the defendant was dissatisfied with Mr. Abrams; and (3) Whether or not there is such a conflict between the defendant and Mr. Abrams that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this matter was heard at an early stage, that being at the Rule 11 stage, however, the undersigned has considered that in fact the case was moving along at a rapid rate. The defendant, by asking for an expedited presentence report could be subject to being sentenced within a short period of time. As a result, after consultation with Mr. Abrams and the defendant, the defendant and Mr. Abrams determined that they should request an expedited presentence report. As a result, this factor must be weighed against granting the motion.

The undersigned has inquired as to the reasons for the dissatisfaction of the defendant with Mr. Abrams. After hearing from the defendant and Mr. Abrams it appears that the defendant's opinion was based upon advise from parties who had no true knowledge of the legal difficulties of the defendant. It appears that there is no basis for the defendant's opinion of dissatisfaction with Mr. Abrams. Mr. Abrams is, in the opinion of the court, providing good representation for the defendant. Mr. Abrams has rapidly discerned that the defendant has given a inculpatory statement and that the defendant's co-defendants have given statements that show that the defendant has a high degree of culpability in these offenses. Mr. Abrams has been successful in working out an arrangement that has materially limited the criminal punishment for the defendant. As a result of the foregoing, the defendant's personal opinion must be given little weight. The court has further examined the matter to determine whether or not there is such a conflict between the defendant and Mr. Abrams that there is a total lack of communication between them preventing adequate defense. It does not appear to the undersigned that such a conflict exist. The court made inquiry of the

defendant and the defendant stated that he was, in fact, satisfied with the representation of Mr. Abrams.

After considering all the factors, the undersigned has determined to enter an order denying Mr. Abrams oral motion to withdraw.

**ORDER**

IT IS HEREBY **ORDERED** that the oral motion to withdraw of Frank A. Abrams is hereby **DENIED**.

Signed: May 4, 2007

Dennis L. Howell
United States Magistrate Judge